IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>LEVI A. KINDERKNECHT,<br>    *Debtor*. | Case No. 10-13443<br>Chapter 7 |
| LINDA S. PARKS, Trustee,<br>    *Plaintiff*,<br><br>    *v.*<br>PERSELS AND ASSOCIATES, L.L.C.,<br>STAN GOODWIN, and JIMMY B.<br>PERSELS,<br>    *Defendants*. | Adversary No. 10-05209 |

**DEFENDANTS' MOTION TO WITHDRAW REFERENCE
AND TRANSFER PROCEEDINGS TO DISTRICT COURT**

COME NOW the defendants, by and through their counsel of record, and pursuant to D.Kan. Rule 83.8.6(a)(6), Fed. R. Bankr. P. 5011, and 28 U.S.C. §157(d), move the Court for an order withdrawing the reference of this adversary proceeding to the bankruptcy court and transferring the captioned adversary proceeding to the U.S. District Court for the District of Kansas for a trial by a jury. In support thereof, the defendants state:

    1.    This action was filed October 1, 2010. The defendant, Persels & Associates, LLC, was served October 6, 2010. The defendant, Stan Goodwin, was served October 7, 2010. The defendant, Jimmy B. Persels, was served October 8, 2010.

    2.    The plaintiff sets forth a five-count complaint seeking recovery as follows:

        a.    Count I - The trustee seeks an accounting and avoidance of alleged fraudulent transfers under 11 U.S.C. §542 and 11 U.S.C. §548, respectively;

        b.    Count II - The trustee seeks recovery of alleged preferential transfers pursuant to 11 U.S.C. §547 and 11 U.S.C. §550;

In the U.S. Bankruptcy Court for the District of Kansas
In Re: Levi A. Kinderknecht
Case No. 10-13443-7 / Adversary No. 10-5209
DEFENDANTS' MOTION TO TRANSFER PROCEEDINGS TO DISTRICT COURT
PURSUANT TO D.KAN. RULE 83.8.6 (a)(6)
Page 2

      c.      Count III - The trustee seeks recovery under the Kansas Consumer Protection Act;

      d.      Count IV - The trustee seeks recovery for legal malpractice and breach of fiduciary duty; and

      e.      Count V - The trustee seeks disgorgement of alleged unreasonable attorneys' fees pursuant to the Rules of Professional Conduct.

3.      "Cause" exists within the contemplation of 28 U.S.C. §157(d) for withdrawal of this proceeding to the District Court (a) for the purpose of preserving the defendants' right to a jury trial and (b) because the trustee's state law tort and statutory claims are not "core" and predominate the adversary proceeding. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Co.),* 4 F.3d 1095, 1101-1102 (4th Cir. 1993)(A district court may find that the inability of a bankruptcy court to hold a jury trial constitutes "cause" to withdraw reference) and *In re Concept Clubs, Inc.*, 154 B.R. 581, 584 (Bankr. D.Utah 1993)(If a party has a Seventh Amendment right to a jury trial that has not been waived, whether a proceeding is core or non-core is not relevant; the court cannot retain the matter).

4.      The defendants are entitled to a jury trial on at least four of the claims asserted by the trustee, if not all five. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989); *In re Kaiser Steel Corp.,* 911 F. 2d 380 (10th Cir. 1990); *In re Latimer*, 918 F.2d 136 (10th Cir. 1990); *Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990)(a party that has not filed a claim in the bankruptcy is entitled to a jury trial in an action seeking to

In the U.S. Bankruptcy Court for the District of Kansas
In Re: Levi A. Kinderknecht
Case No. 10-13443-7 / Adversary No. 10-5209
DEFENDANTS' MOTION TO TRANSFER PROCEEDINGS TO DISTRICT COURT
PURSUANT TO D.KAN. RULE 83.8.6 (a)(6)
Page 3

recover preferential payments). The fraudulent transfer and preference claims asserted by the trustee here seek a specific sum of money. Therefore, they are legal in nature and the defendants have a right to a jury trial. The malpractice and breach of fiduciary duty claims are simply tort claims for which a right to a jury trial exists. *Carnes v. Meadowbrook Executive Bldg. Corp.,* 17 Kan. App. 2d 292, 836 P. 2d 1212 (1992). Lastly, a party seeking to recover for an alleged deceptive act under the Kansas Consumer Protection Act (see, K.S.A. 50-626 and 50-1132) is entitled to a jury trial. *Manley v. Wichita Business College*, 237 Kan. 427, 701 P.2d 893 (1985).

5. The defendants, pursuant to 28 U.S.C. §157(e), do not consent to the Bankruptcy Court conducting a jury trial herein and have filed a separate pleading indicating as much.

6. The defendants have not filed a claim in the captioned bankruptcy proceeding.

7. Lastly, the tort claims, the Consumer Protection Act Claims and the claim asserted under the Rules of Professional Conduct are not core proceedings under 28 U.S.C. §157(b). Those claims could have been asserted by the debtors (or the trustee as their successor) in state court and existed (if at all) whether or not the bankruptcy was filed. Those claims predominate the litigation.

WHEREFORE, the defendants pray for the above relief and for such other and further relief as the Court deems just and equitable.

          REDMOND & NAZAR, L.L.P.

          s/ W. Thomas Gilman
          W. Thomas Gilman  #11867
          245 N. Waco, Suite 402
          Wichita, Kansas 67202
          (316) 262 8361 / (316) 263-0610 fax
          wtgilman@redmondnazar.com
          Attorney for Defendants

In the U.S. Bankruptcy Court for the District of Kansas
In Re: Levi A. Kinderknecht
Case No. 10-13443-7 / Adversary No. 10-5209
DEFENDANTS' MOTION TO TRANSFER PROCEEDINGS TO DISTRICT COURT
PURSUANT TO D.KAN. RULE 83.8.6 (a)(6)
Page 4

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was uploaded to the CM/ECF system on October 28, 2010, which will send a notice of electronic filing to the those requesting notice pursuant to Bankruptcy Rule 2002 and other interested parties.

                                                                                           s/ W. Thomas Gilman  
                                                                                            W. Thomas Gilman, #11867