**SO ORDERED.**

**SIGNED this 04 day of March, 2011.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEVI KINDERKNECHT, | ) | Case No. 09-13443 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LINDA S. PARKS,  Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 10-5209 |
| | ) | |
| PERSELS AND ASSOCIATES, LLC | ) | |
| and STAN GOODWIN and JIMMY B. PERSELS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE
AND FOR TRANSFER TO THE DISTRICT COURT

-1-

The Court has carefully reviewed the defendants' motion to withdraw the reference of this adversary proceeding from the bankruptcy court for "cause"[1] and makes the following recommendation to the United States District Court for the District of Kansas.[2]

Factual Background

The Court has several similar matters on its docket and, for general acquaintance with the factual background in this case, the District Court is referred to this Court's previously-made report and recommendation in *Parks v. Consumer Law Associates, LLC (In re Lewis)*.[3] Suffice it to say that the Trustee alleges that the Defendants Persels & Associates, Jimmy Persels, and Stan Goodwin provided pre-petition debt resolution and pre-bankruptcy services to Mr. Kinderknecht, the debtor in this case. P&A and Persels hold themselves out as a "national law firm" that is dedicated to assisting consumers. Goodwin is a Kansas lawyer who is associated with P&A. When those debt settlement services failed to resolve debtor's credit card and student loan debt, Kinderknecht filed his bankruptcy petition on October 20, 2009. The trustee's adversary proceeding followed on October 1, 2010. The Trustee has alleged that the Defendants should be required to disgorge their fees and be held liable for their alleged violations of the Kansas Consumer Protection Act, KAN. STAT. ANN. § 50-626 (deceptive acts and practices) and § 50-627 (unconscionable conduct). In addition, the Trustee seeks to avoid as fraudulent transfers under § 548 any transfers the debtor made to the Defendants as well as preferences under § 547 that the Defendants may have received.

---

[1] Adv. Dkt. 17, 27.

[2] *See* D. Kan. Rule 83.8.6(a)(6); 28 U.S.C. § 1334(c) and § 157(d); Fed. R. Bankr. P. 5011. D. Kan. Rule 83.8.6(f) provides that upon filing a motion to withdraw the reference and for transfer, the Bankruptcy Court will submit a written recommendation to the District Court as to whether the reference should be withdrawn.

[3] Adv. Pro. 10-5098 (Bankr. D. Kan. Sept. 29, 2010), Dkt. 32, attached as Exhibit A.

Case 10-05209    Doc# 40    Filed 03/04/11    Page 2 of 10

Finally, the Trustee alleges that the defendants committed professional malpractice and have breached their fiduciary duties to the debtor. A copy of the Trustee's complaint is attached for the convenience of the District Court.[4]

Defendants timely demanded a jury trial on the Trustee's claims and have withheld their consent to the Bankruptcy Court conducting that trial.[5] Defendants assert that the Trustee's non-core claims predominate her complaint and that their right to a jury trial on those claims is "cause" to withdraw the reference and to transfer this adversary proceeding to the District Court. As is this Court's custom, it has directed the parties to proceed in discovery pending the outcome of this motion.

Analysis

28 U.S.C. §157(d) governs both permissive and mandatory withdrawal of the reference to bankruptcy court and provides:

> The district court *may* withdraw, *in whole or in part*, any case or proceeding referred under this section, on its own motion *or on timely motion* of any party, *for cause shown*. The district court *shall,* on timely motion of a party, so *withdraw a proceeding* if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. [Emphasis added.].

Defendants seek permissive withdrawal for cause.[6] The statute further addresses instances where the right to a jury trial is implicated in the referred proceedings:

---

[4] Exhibit B.

[5] Adv. Dkt. 15, 16.

[6] The statute does not define what constitutes "cause" for permissive withdrawal of the reference. *See also,* D. Kan. Rule 83.8.6(a)(6).

-3-

Case 10-05209   Doc# 40   Filed 03/04/11   Page 3 of 10

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.*[7]

Here, Defendants demanded a jury trial on all of the Trustee's claims and have withheld their consent for the bankruptcy court to conduct a jury trial. In addition, Tenth Circuit precedent holds that this bankruptcy court has no authority to conduct a jury trial.[8] The case law recognizes that a right to a jury trial may constitute cause for withdrawal of the reference.[9] Accordingly, this Court must consider the reach of its jurisdiction by first determining whether the Trustee's claims are "core" or "non-core," and then determining whether defendants are entitled to a trial by jury on those claims.

Core proceedings are those that have no existence outside of bankruptcy.[10] 28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear all core proceedings arising under title 11 or arising in a title 11 case. Among the proceedings that are core and enumerated in § 157(b)(2) are: turnover proceedings,[11] proceedings to avoid and recover preferences,[12] proceedings to avoid and

---

[7] 28 U.S.C. §157(e) (Emphasis supplied.).

[8] *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380 (10th Cir. 1990).

[9] *See e.g., In re American Comm. Servs., Inc.,* 86 B.R. 681, 686 (D. Utah 1988); *In re Hassan*, 376 B.R. 1 (Bankr. D. Kan. 2007); *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Co.)*, 4 F.3d 1095, 1101 (4th Cir. 1993).

[10] *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[11] § 157(b)(2)(E).

[12] § 157(b)(2)(F).

Case 10-05209 Doc# 40 Filed 03/04/11 Page 4 of 10

recover fraudulent conveyances,[13] and other proceedings "affecting the liquidation of the estate" except for personal injury tort or wrongful death claims.[14] A bankruptcy court may also exercise "related to" jurisdiction over non-core claims.[15] "Related proceedings" are civil proceedings that, in the absence of a bankruptcy filing, could have been brought in federal or state court.[16] So-called "related-to" jurisdiction may be exercised if the outcome of the civil proceeding could conceivably have any effect on the estate being administered in bankruptcy.[17]

At present, it appears to the Court that the complaint is a mixture of core and non-core claims. The Trustee's claim to avoid and recover alleged preferential payments under 11 U.S.C. § 547 is clearly core, as is her claim to avoid and recover alleged fraudulent transfers (transfers for which debtor did not receive reasonably equivalent value) under 11 U.S.C. § 548. So is her accounting claim under 11 U.S.C. § 542. The balance of the Trustee's claims (KCPA violations, legal malpractice, breach of fiduciary duty, and disgorgement of unreasonable fees) might conceivably be deemed "other proceedings" under the catch-all provision of 28 U.S.C. § 157(b)(2)(O) but are more likely to be non-core claims that do not depend on bankruptcy laws for their existence and that could be brought in another forum.[18] Even if this Court concludes that the

---

[13] § 157(b)(2)(H).

[14] § 175(b)(2)(O).

[15] 28 U.S.C. § 1334(b).

[16] *Gardner, supra* at 1518.

[17] *Id.*

[18] *See In re Glannon,* 245 B.R. 882, 887 n. 3 (D. Kan. 2000) (discussing claims seeking damages against attorneys in bankruptcy court as core proceedings); *In re McCabe,* 302 B.R. 873 (Bankr. N.D. Iowa 2003) (proceedings concerning property of the estate are core proceedings if they affect the liquidation of assets of the estate).

Case 10-05209    Doc# 40    Filed 03/04/11    Page 5 of 10

balance of the claims are non-core, this Court may exercise related-to jurisdiction over them if their outcome may have an effect on the administration of debtor's bankruptcy estate.[19] The claims of the Trustee here are based upon facts that pre-date the filing of the bankruptcy case and involve dealings between the debtor and Defendants. As such, the claims are property of the estate under 11 U.S.C. § 541.[20] Arguably, a recovery of fees and damages from defendants could increase the value of the estate to be administered by the Trustee and affect distribution to unsecured creditors.[21] Even if this Court were to conclude that the remaining claims noted above are non-core and that it *could* exercise related to jurisdiction over them, the Court must consider whether it is precluded from doing so because of the defendants' jury trial demand.[22]

---

[19] *See In re Midgard Corp.,* 204 B.R. 764, 771 (10th Cir. BAP 1997) (Related proceedings include causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541 and have an effect on the bankruptcy estate.).

[20] *See Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D. Mo. 1996) (Causes of action belonging to the debtor, including employment discrimination claims, become property of the estate upon filing bankruptcy); *In re Parker*, 499 F.3d 616, 624 (6th Cir. 2007) (As legal and equitable interests, causes of action that belong to the debtor constitute property of the estate under § 541(a)(1)); *In re Senior Cottages of America, LLC,* 482 F.3d 997, (8th Cir. 2007) (Legal malpractice and breach of fiduciary duty causes of action that belonged to debtor at the time of filing bankruptcy were property of the estate that could be asserted by chapter 7 trustee.); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9 (1983) (estate property includes causes of action); *Sender v. Simon,* 84 F.3d 1299, 1304 (10th Cir. 1996) (discussing standing of trustee to assert cause of action as successor to debtor's interest included as property of the estate).

[21] *See Artra Group, Inc. v. Salomon Brothers Holding Group, Inc. (In re Emerald Acquisition Corp.),* 170 B.R. 632, 640 (Bankr. N.D. Ill. 1994) (A proceeding relates to bankruptcy if it affects the amount of property available for distribution or allocation of property among creditors); *Richardson, supra* at 740 (Debtor's employment discrimination case was related to bankruptcy as it could conceivably have an effect on the estate being administered in the bankruptcy.).

[22] It should also be noted that if the Trustee's claims are related proceedings, this Court may not issue a final order on those non-core claims but may only submit proposed findings of fact and conclusions of law to the District Court. *See* 28 U.S.C. § 157(c)(1).

Case 10-05209   Doc# 40   Filed 03/04/11   Page 6 of 10

To analyze the impact of the request for a jury trial on this Court's jurisdiction, the Court must first determine whether the Defendants are entitled to a jury trial on the Trustee's claims. Whether defendants are entitled to jury trial on the Trustee's claims is determined by the legal or equitable nature of similar claims at the time the Seventh Amendment was ratified.[23] If the claims pled by the Trustee would have been legal claims at ratification, Defendants have a case for withdrawal of the reference. The Court therefore examines the causes of action pled by the Trustee to determine whether they are legal or equitable in nature. If the nature of the relief sought by the Trustee is the recovery of money, the cause of action is ordinarily characterized as legal, rather than equitable.[24]

With respect to the Trustee's fraudulent transfer claim under § 548 of the Bankruptcy Code, the Supreme Court has held that defendants have a right to a jury trial if the defendants have not subjected themselves to the equitable jurisdiction of the bankruptcy court by filing a claim in the bankruptcy case, even though the claim is core.[25] A similar conclusion must obtain with respect to the Trustee's preference claim under § 547.[26] The accounting and turnover claim are more equitable

---

[23] *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41-42, 109 S.Ct. 2782, 106 L.Ed. 2d 26 (1989).

[24] *Id.* at 42, noting that the remedy sought "is more important than [comparing the statutory action to 18th-century actions brought in the courts of England.]"

[25] *Granfinanciera, supra* at 36 (an action for return of a "determinate sum of money"). *See also, In re Huey,* 23 B.R. 804 (9th Cir. BAP 1982) (Defendant entitled to a jury trial where trustee seeks to avoid a fraudulent transfer of money under § 548).

[26] *See Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 94, 53 S.Ct. 50, 77 L.Ed. 185 (1932) (suit to recover preferential payments was an action at law); *Granfinanciera, supra; Langenkamp v. Culp,* 498 U.S. 42, 44-45, 111 S. Ct. 330, 112 L.Ed. 2d 343 (1990).

in nature and no right to a jury trial exists for them.[27] Even if the right of the Trustee to seek a disgorgement from the debtor's lawyer is somehow jury trial fare, this Court's § 542 power to enforce the turnover of estate property is likely not.[28] The Court next considers the state common law and statutory causes of action. The cause of action alleged for breach of fiduciary duty is a legal claim for which there is a right to a jury trial.[29] Likewise, the common law malpractice claim is clearly an action at law and Defendants are entitled to a jury trial.[30] The nature of the Trustee's statutory cause of action under the KCPA is mixed, depending upon whether the claim is based upon alleged deceptive acts or unconscionable acts.[31] As to the Trustee's claim of unconscionability, KAN. STAT. ANN. § 50-627(b) expressly makes the question of whether a defendant has acted unconscionably a question of law by providing that "[t]he unconscionability of an act or practice is

---

[27] With respect to the accounting claim, once an accounting of debtor's transactions with Defendants is made, the Trustee seeks a turnover of the funds paid by debtor to them. An accounting and turnover is a statutory cause of action under 11 U.S.C. § 542(a). *See Karnes Enterprises, Inc. v. Quan,* 221 Kan. 596, 603, 561 P.2d 825 (1977) (action seeking an accounting of restaurant's gross receipts was grounded on equitable rights and trial by jury properly denied); *Braunstein v. McCabe,* 571 F.3d 108 (1st Cir. 2009) (no Seventh Amendment right to jury trial in statutory cause of action brought by chapter 7 trustee to compel turnover of insurance proceeds); *Senchal v. Carroll,* 394 F.2d 797 (10th Cir. 1968), *cert. denied,* 393 U.S. 979 (1968) (In a case decided prior to *Granfinanciera, supra,* trial court did not err in denying request for jury trial on bankruptcy trustee's action to set aside transfers of money and property made by debtor, including an accounting, and require that such property be revested in the bankruptcy estate.).

[28] *See In re Wood,* 210 U.S. 246, 28 S.Ct. 621, 52 L.Ed. 1046 (1908) (no right to jury trial exists in actions for disgorgement of excessive fees by counsel)

[29] *Carnes v. Meadowbrook Executive Bldg. Corp.,* 17 Kan. App. 2d 292, 297, 836 P.2d 1212 (1992).

[30] *See In re Hassan,* 376 B.R. 1, 18 (Bankr. D. Kan. 2007); *In re SPI Communications & Marketing, Inc.,* 112 B.R. 507, 511-12 (Bankr. N.D.N.Y. 1990).

[31] Here, the Trustee has alleged both deceptive *and* unconscionable acts by defendants. *See* Adv. Dkt. 1, pp. 9-10, ¶s 35-41. An aggrieved consumer may recover damages or a civil penalty. *See* KAN. STAT. ANN. § 50-634 and § 50-636 (2005).

-8-

a question for the court."[32] But whether defendants committed a *deceptive* act in violation of KAN. STAT. ANN. § 50-626(b) is a question for the jury.[33]

In summary then, the Trustee has asserted both legal and equitable claims against Defendants. Defendants are entitled to a jury trial on the following causes of action: the § 548 fraudulent transfer, the § 547 preference, breach of fiduciary duty, malpractice, and the KCPA claim for commission of a deceptive act. The Defendants are not entitled to a jury trial on the accounting and turnover claim, the disgorgement claim, or the unconscionability claim under the KCPA. The Court cannot conclude that core proceedings predominate this adversary proceeding and that determination does not in any event control this Court's recommendation regarding withdrawal of the reference. It can conclude that for each of the claims pled by Trustee, she seeks the return or recovery of money or damages and in the instance of five of those pled theories, defendants are entitled to a trial by jury which this Court cannot conduct. At the same time, the Trustee is entitled to but one recovery. If she were to prevail on any of her equitable claims, it is conceivable that a jury trial on the remaining claims may be unnecessary. In addition, the Court already has some familiarity with the debt resolution practices and procedures utilized by Persels & Associates and its attorneys. This Court has previously adopted the parties' report of planning meeting for the scheduling deadlines and the parties are presently engaged in discovery.[34] These causes of action

---

[32] In judging a claim of unconscionability under the KCPA, the court determines both the facts and the ultimate legal conclusion. *See State ex rel. Kline v. Berry*, 35 Kan.App.2d 896, 906-07, 137 P.3d 500 (2006).

[33] *Queen v. Lynch Jewelers, LLC,* 30 Kan. App. 2d 1026, 1038, 55 P.3d 914 (2002), *rev. denied* 275 Kan. 965 (2002), citing *Manley v. Wichita Business College,* 237 Kan. 427, 701 P.2d 893 (1985).

[34] Adv. Dkt. 28, 29.

Case 10-05209   Doc# 40   Filed 03/04/11   Page 9 of 10

appear to be the only potential asset in debtor's bankruptcy case and is the only matter that stands in the way of the Trustee completing her administration of the bankruptcy case. Finally, the outcome of dispositive motions may eliminate some of the Trustee's claims and thereby streamline the case by the time it is ready to be submitted for a jury trial.

Accordingly, this Court recommends that the District Court *defer* withdrawal of the reference for cause of the claims triable to a jury until discovery is completed and the dispositive motions, if any, are decided. This Court stands ready and willing to preside over discovery and all other pretrial activity on all of the Trustee's claims, through the consideration and determination of any dispositive motions the parties may file. The Court recommends that it proceed to hear the claims on which defendants are not entitled to a jury trial and that as to these claims, the defendants' motion to withdraw the reference for cause be denied. Upon completion of pretrial proceedings on the jury claims, the Court recommends that the reference be withdrawn and those jury claims that survive dispositive motions be transferred to the District Court for jury trial.

The Court notes that a similar recommendation in the *Lewis* matter was accepted by District Judge J. Thomas Marten in connection with the Trustee's action against Consumer Law Associates, et al.[35]

Respectfully submitted this 4th day of March, 2011.

# # #

---

[35] *See Parks v. Consumer Law Associates, LLC, et al.*, Case No. 10cv1337-JTM (D. Kan. Nov. 9, 2010), Dkt. 7.